Eugene M. McCarthy, J.
On June 16,1955, the landlord and tenant entered into a written agreement discontinuing a landlord-tenant holdover proceeding and agreeing to enter into an agreement in respect to the premises.
This agreement set forth the following clause: “3. The tenant, being in possession under an expired lease, agrees to vacate, in any event, at noon on September 30th, 1957 and to terminate his occupancy of the premises at such time. This agreement to vacate shall be void in the event tenant cancels and terminates lease to be entered into subsequent to the signing of this agreement, pursuant to agreement fixing a reasonable rent.”
On June 17, 1955 the parties executed a lease to the premises for the period July 1,1955 to September 30, 1957.
At the expiration of the lease the tenant continued in possession and the landlord brought this holdover proceeding. The landlord’s position is that in compliance with subdivision (g) of section 8 of the Emergency Business Space Bent Control Law (L. 1945, ch. 314, as amd.), the agreement of June 16, 1955, executed while the tenant was a statutory tenant, is a separate independent agreement which survives the lease of June 17, 1955. In support of this position there is cited R & K Corp. v. Kenmont Hat Co. (2 A D 2d 41). The plaintiff in the R & K Corp. v. Kenmont Hat Co. (supra) brought an action at law for money due pursuant to a written agreement executed prior to a lease between the parties whereby the defendant, who was a statutory tenant at the time of the agreement, stipulated, amongst other things, to pay the plaintiff a specified amount of money to forego its demand for the premises of the defendant for its own use.
The court upheld this agreement, stating (p. 45): “ Execution of the lease did not effect a merger, the lease not being as broad *1100 in scope or comprehensive in terms as the oral agreement.” The action, however, did not involve the Emergency Business Space Control Law, and therefore, would not he applicable to these proceedings.
The agreement of June 16, 1955 would be effective if the statutory tenancy continued, but Avhen the tenant went into possession under the lease on July 1, 1955 his statutory tenancy came to a close and he was no longer in possession by virtue of the rent Iuavs, but as a result of the lease. He therefore comes within the second part of subdivision (g) of section 8 with respect to unexpired leases so that an agreement to vacate must be in writing “by agreement executed not less than three months after the commencement of the term thereof”. (Olympic Assets v. Hatch & Co., 1 Misc 2d 653, 654, 655.)
After trial and on the merits, final order is therefore aAvarded the tenant dismissing the petition.